## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## at LONDON

**Civil Action No. 07-448-HRW**

**SAMMY BOGGS**,                                          **PLAINTIFF,**

**v.**          **MEMORANDUM OPINION AND ORDER**


**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff protectively filed an  application for supplemental security income benefits on August 24, 2005, alleging disability beginning on August 1, 2004, due to back problems, degenerative disc in his back and arthritis (Tr. 48-52, 57-58). Plaintiff also stated that he "can't stand to be around people" and he is "double

jointed and [his] arms and legs come out of joint" (Tr. 58) and that these conditions limit his ability to work.

This application was denied initially and on reconsideration.

On January 29, 2007, an administrative hearing was conducted by Administrative Law Judge James Alderisio (hereinafter "ALJ"), wherein Plaintiff testified.  At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from

2

performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 18, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 9-20).

Plaintiff was 33 years old at the time of the hearing decision.  He has a 9th grade education.  His past relevant work experience consists of work as a farm worker, a carpenter's helper, truck driver and painter.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 14).

The ALJ then determined, at Step 2, that Plaintiff suffered from lumbar spine degenerative disc disease and lumbar spine facet arthropathy, which he found to be "severe" within the meaning of the Regulations (Tr. 14-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 18) but determined that he  has the residual functional capacity ("RFC") to perform light work with certain limitations as set forth in the hearing decision (Tr. 16-17).

3

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 18-19). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on November 21, 2007 (Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the hypothetical posed by the ALJ to the VE was flawed. Specifically, Plaintiff contends that the ALJ should have included the mental limitations suggested by consultative psychologist, Crystal Sahner, Psy.D.[1]

The weight afforded to the opinions of a medical source regarding the nature and severity of a claimant's impairments depends upon the relationship to the medical source, e.g. treating or examining, the evidence the source presents in support of his or her opinion, how consistent the opinion is with the record as a whole, the specialty of the source and other factors. 20 C.F.R. § 416.927(d) (2007).

---

[1] Dr. Sahner is not a treating source. Rather, as Plaintiff alleged mental impairment but had no history of treatment for the same, the State agency referred him to Dr. Sahner for a consultative examination.

5

On April 11, 2006, Dr. Sahner evaluated Plaintiff and tendered a report to the Department of Disability Determination (Tr. 166-172).   Dr. Sahner opined that Plaintff has marked limitations in his ability to interact appropriately with others in a work setting and to tolerate the stress and pressures of day to day employment. She also found that his ability to understand, remember and carry out simple instructions, sustain attention and concentration is merely "adequate".

The ALJ accorded little weight to Dr. Sahner's opinion of marked limitation (Tr. 15).

First, the ALJ noted that Dr. Sahner's opinion is at odds with the other medical evidence of record.  No physician, treating or otherwise, reported significant symptoms or limitations resulting from anxiety (Tr. 107-1656, 201-208, 210-230).

Further, the record shows only minimal treatment for the alleged symptoms, to-wit, low dosages of anti-anxiety medication prescribed by Plaintiff' s treating physician (Tr. 229-230).   Based upon the record, the medication appears to be controlling Plaintiff's symptoms.   Nor has Plaintiff ever been referred for mental health treatment.

In addition, Dr. Sahner's opinion is inconsistent with her own findings.  For example, she determined Plaintiff to have a GAF score between 50 and 52 (Tr.

170).  This score indicates no more than moderate symptoms, not marked

limitations.   Also, Dr. Sahner observed that Plaintff demonstrated no difficulty

interacting with her during the evaluation.

 Given the lack of supporting evidence and the abundance of evidence calling

into question the credibility of Dr. Sahner's opinion, the Court finds no error in the

ALJ's consideration of Dr. Sahner's assessment.

 Plaintiff argument that the ALJ's hypothetical to the VE did not include all

of Plaintiff's impairments and thus the response is not substantial evidence in

support of the ALJ's decision is without merit.

 This circuit's long-standing rule is that the hypothetical question is proper

where it accurately describes a claimant's functional limitations.   *Varley v.*

*Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This

rule is necessarily tempered by the requirement that the ALJ incorporate only those

limitations which he or she finds to be credible.   *Casey v. Secretary of Health and*

*Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

 The record is simply devoid of credible medical evidence suggesting

functional limitations beyond those found by the ALJ.   The hypotheticals posed

accurately portray the RFC as formulated based upon the objective  medical

evidence.   As such, the Court finds that the ALJ's RFC and findings based upon

7

the VE's testimony are supported by substantial evidence in the record.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 15, 2008.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

8